O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>        Plaintiff-in-Interpleader,<br><br>   v.<br><br>BAMBI GICANA; and ARACELI MALONEY,<br><br>        Defendants-in-Interpleader.<br><br>AND RELATED CROSS AND COUNTER CLAIMS | CV 16-08317-RSWL-RAO<br><br>**ORDER re: Maloney's Motion for Judgment on the Pleadings as to "Cross-Claims" of Bambi Gicana** [54] |

    Plaintiff-in-Interpleader Metropolitan Life Insurance Company ("MetLife") filed the instant Action due to Defendants-in-Interpleader Bambi Gicana ("Gicana") and Araceli Maloney's ("Maloney") competing claims to funds from the AT&T Group Life Insurance Program (the "Plan"). See Compl., ECF No. 1. The Plan

1

is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), sponsored by AT&T, and funded by a group life insurance policy issued by MetLife. Id. ¶ 6. Currently before the Court is Maloney's Motion for Judgment on the Pleadings as to "Cross-Claims" of Bambi Gicana ("Motion") [54]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Maloney's Motion.

## I. BACKGROUND

### A. State Court Action

On August 22, 2016, Gicana and Eric Jose Quinlan Martinez filed a Petition in Los Angeles Superior Court (1) to invalidate trust amendments, (2) to invalidate transfers to a fiduciary under trust amendments, (3) for a constructive trust, and (4) for removal of trustee, account, and appointment of successor trustee. Maloney's Req. for Judicial Notice ("RJN"), Ex. A ("Probate Pet."), ECF No. 55. Maloney moved to compel arbitration, id., Ex. B, and on January 25, 2017, the state court ordered the first three claims to arbitration and stayed the fourth claim pending the result of arbitration, Gicana's Req. for Judicial Notice, Ex. 1 ("Min. Order") at 2, ECF No. 57. Partly because of the pendency of the instant federal Action, Gicana moved to reconsider the state court's ruling on March 13, 2017. RJN, Ex. E. The state court declined

to reconsider its ruling, noting that "the determinative facts [between the actions] are completely different." Min. Order 4.

**B. <u>Federal Court Action</u>**

On November 8, 2016, MetLife filed its Complaint-in-Interpleader [1]. Gicana filed Crossclaims [24] against Maloney on March 15, 2017, alleging Maloney is liable for (1) fraud in the inception, (2) conversion, (3) undue influence, (4) breach of fiduciary duty, and (5) fraud.

Maloney filed the instant Motion [54] on February 6, 2018. Gicana timely opposed [56], and Maloney timely replied [62].

## II. DISCUSSION

**A. <u>Legal Standard</u>**

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate "when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." <u>Ventress v. Japan Airlines</u>, 486 F.3d 1111, 1114 (9th Cir. 2007)(quoting <u>Fajardo v. Cty. of L.A.</u>, 179 F.3d 698, 699 (9th Cir. 1999)). While the allegations of the non-moving party must be accepted as true, any allegations made by the moving party that have been denied or contradicted are assumed to be false. <u>MacDonald v. Grace Church</u>

Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989)(citing <u>Doleman v. Meiji Mut. Life Ins. Co.</u>, 727 F.2d 1480, 1482 (9th Cir. 1984)). The facts are viewed in the light most favorable to the non-moving party, and all reasonable inferences are drawn in favor of that party. <u>Living Designs, Inc. v. E.I. DuPont de Nemours & Co.</u>, 431 F.3d 353, 360 (9th Cir. 2005). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Turner v. Cook</u>, 362 F.3d 1219, 1225 (9th Cir. 2004)(quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002)).

"[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." <u>Hal Roach Studios</u>, 896 F.2d at 1550 (citing Fed. R. Civ. P. 12(c)). However, the court may consider facts subject to judicial notice. <u>Heliotrope Gen., Inc. v. Ford Motor Co.</u>, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

**B. <u>Analysis</u>**

1. <u>Requests for Judicial Notice</u>

A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known . . . ; or (2) can be accurately and readily determined from sources whose accuracy cannot

4

reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Maloney asks the Court to take judicial notice [55] of the following: (1) Gicana's probate petition, (2) Maloney's motion to compel arbitration, (3) the state court's order regarding arbitration, and (4) Gicana's motion for reconsideration. Additionally, Gicana asks the Court to take judicial notice [57] of the state court's order denying reconsideration. Neither party opposes the other's request.

A court may "take judicial notice of the *existence* of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents." Peel v. BrooksAmerica Mortg. Corp., 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011)(emphasis added)(citation omitted). Thus, the Court **GRANTS** these requests and takes judicial notice of only the existence of these documents.

Maloney also asks the Court to take judicial notice of the Crossclaims Gicana filed in this Court. Because "[i]t is well established that a court can take judicial notice of its own files and records under Rule 201," Gerritsen v. Warner Bros. Ent'mt Inc., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015)(citation omitted), the Court **GRANTS** this request as well.

2. <u>Claim-Splitting</u>

Maloney contends that Gicana's "claim here duplicates, in whole or in part, her claim in Superior Court." Maloney's Mot. for J. on the Pleadings ("Mot.") 4:1-2, ECF No. 54. Specifically, Maloney highlights Gicana's state court allegation that Maloney holds the "life insurance and retirement benefits" in constructive trust.[1] Probate Pet. ¶ 41. Maloney then describes Gicana's state court argument that the federal and probate proceedings would "cause conflicting rulings." Mot. 4:4-6 (quoting RJN, Ex. E). According to Maloney, judgment on the pleadings is warranted due to the doctrine against claim-splitting.

Generally, a plaintiff may not split a single cause of action[2] between separate suits. <u>Grisham</u>, 151 P.3d at 1162 (quoting <u>Crowley v. Katleman</u>, 881 P.2d 1083 (Cal. 1994)). Under this rule, "if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement," and "if the first suit has terminated in a judgment on the

---

[1] Maloney also addresses the allegation that Gicana's unknowing signature of the spousal consent form for the beneficiary designations was the result of Maloney's "fraud in the inception." Probate Pet. ¶ 30. As the Court explains in the Order re Gicana's Motion for Summary Judgment, Gicana abandoned all claims except her breach of fiduciary duty claim, so this allegation is irrelevant for purposes of Maloney's Motion here.

[2] Under California law, "a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." <u>Grisham v. Philip Morris U.S.A., Inc.</u>, 151 P.3d 1151, 1162 (Cal. 2007)(quotation omitted).

merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of res judicata." Id. (quotation and internal citation omitted).

Here, Gicana did not split a single cause of action between her probate petition and federal Crossclaims. The state court action involves the validity of the trust amendments with respect to the ultimate distributions under the trust, while this Action concerns the validity of the beneficiary designations of certain ERISA plans. Resolution of the state court and federal court claims are independent of one another, and these claims certainly involve distinct primary rights. As the state court recognized, the documents are different, and "the determinative facts are completely different." Min. Order 4.

Further, the allegation regarding a constructive trust is inapposite because in state court, Gicana seeks a constructive trust over assets Maloney allegedly wrongly acquired due to "invalid" trust amendments. In this Court, Gicana seeks a constructive trust over assets Maloney allegedly wrongly acquired due to "invalid" beneficiary designations under ERISA. The alleged "assets," which Maloney argues overlap, are not one primary right; rather, Gicana's nonexhaustive list of assets composes the remedy she seeks. See Crowley, 881 P.2d at 1090 (distinguishing the primary right "from the *remedy* sought").

Accordingly, Gicana did not split her claims.[3]

3. Probate Jurisdiction

Alternatively, Maloney argues that Gicana's Crossclaims are within the exclusive jurisdiction of the probate court, in that they "implicate[] the administration of an estate." Mot. 4:22-23.

"[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006).

Here, the Court is not probating a will, administering an estate, or touching any property that is in the probate court's custody. Rather, the Court is being asked to determine the proper beneficiary to certain ERISA plan life insurance and retirement

---

[3] Even if Gicana had split her claims, they would still not be subject to dismissal. In California, this doctrine does not apply where the first court's jurisdiction barred the plaintiff from seeking a certain remedy. People v. Damon, 59 Cal. Rptr. 2d 504, 514 (Ct. App. 1996)(quotation omitted). Likewise, here, the life insurance proceeds were interpled into this Court, denying her recovery of such in state court. See Life Ins. Co. of N. Am. v. Wagner, No. 2:15-CV-00505-DS, 2016 U.S. Dist. LEXIS 50902, at *8-10 (D. Utah Apr. 14, 2016)(finding that the state court lacked "custody" and "jurisdiction" over the interpled funds). Moreover, there are extraordinary reasons justifying claim-splitting here. See Martinez-Ferrer v. Richardson-Merrell, Inc., 164 Cal. Rptr. 591, 597 (Ct. App. 1980). Indeed, after MetLife interpled Gicana into this Action, Gicana's only way to recover these funds was to bring her Crossclaims to invalidate the beneficiary designation; otherwise, she might have faced a preclusive federal judgment in Maloney's favor.

proceeds, none of which is part of an estate or in the custody of the probate court. Therefore, the probate exception does not apply, and the Court may exercise jurisdiction over the Crossclaims.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Maloney's Motion for Judgment on the Pleadings [54].

**IT IS SO ORDERED.**

DATED: April 3, 2018          /s/ Ronald S. W. LEW

                                          **HONORABLE RONALD S.W. LEW**
                                          Senior U.S. District Judge