# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff-in-Interpleader,<br><br>　　v.<br><br>BAMBI GICANA; and ARACELI MALONEY,<br><br>　　　　Defendants-in-Interpleader.<br><br>AND RELATED CROSS AND COUNTER CLAIMS | CV 16-08317-RSWL-RAO<br><br>**Order re: Objection and Opposition to Application to the Clerk to Tax Costs** [113] |

Currently before the Court is Defendant-in-Interpleader Araceli Maloney's ("Maloney") Objection and Opposition to Application to the Clerk to Tax Costs ("Objection") [113]. Having reviewed all papers submitted pertaining to this Objection, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **OVERRULES**

1

Maloney's Objection.

## I. DISCUSSION

**A.  Legal Standard**

There is a strong presumption in favor of awarding costs to prevailing parties. Miles v. California, 320 F.3d 986, 988 (9th Cir. 2003) (citation omitted). The burden is on the losing party to show why the costs are not recoverable. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted). Although a court must specify reasons for *not* awarding costs to the prevailing party, it need not give any reason for following the presumption and awarding costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

**B.  Analysis**

As an initial matter, the Court declines to defer its decision on costs pending resolution of Maloney's appeal. See Apple Inc. v. Samsung Elecs. Co., Ltd., No. 11-CV-01846-LHK, 2014 WL 4745933, at *4 (N.D. Cal. Sept. 19, 2014) (citing cases). In her Objection, Maloney contends Defendant-in-Interpleader Bambi Gicana ("Gicana") is improperly attempting to tax costs incurred in litigation not before this Court. This argument is unpersuasive. As Gicana points out in her Reply [114], the items underlying the costs led to evidence used in support of Gicana's Motion for Summary Judgment [45] and the Court's related Order [76]. Cf. Indep. Iron Works, Inc. v. U.S. Steel Corp., 322 F.2d

656, 678 (9th Cir. 1963) ("If the depositions were merely useful for discovery[,] then they were not taxable items." (citation omitted)). Thus, the Court abides by the strong presumption in favor of awarding Gicana's costs.

## II. CONCLUSION

Based on the foregoing, the Court **OVERRULES** Maloney's Objection. The Clerk shall tax Gicana's costs.

**IT IS SO ORDERED.**

DATED: July 11, 2018        s/ RONALD S.W. LEW
                            **HONORABLE RONALD S.W. LEW**
                            Senior U.S. District Judge